■ EULA M. GANDY, as Administratrix of the Estate of JOHN F. GANDY, Deceased, Appellant, v. CHARLES F. WUSTER et al., Defendants, and RALPH E. DAWLEY, Respondent.— Same decision and like cause of action as in companion case of *Gandy* v. *Wuster* (25 A D 2d 478).

■ EULA M. GANDY, as Administratrix of the Estate of JOHN F. GANDY, Deceased, Appellant, v. CHARLES F. WUSTER et al., Defendants, and PETER D. KAZEL, Respondent.— Same decision and like cause of action as in companion case of *Gandy* v. *Wuster* (25 A D 2d 478).

■ EULA M. GANDY, as Administratrix of the Estate of JOHN F. GANDY, Deceased, Appellant, v. CHARLES F. WUSTER et al., Defendants, and JAMES F. PARSLEY, JR., Respondent.— Same decision and like cause of action as in companion case of *Gandy* v. *Wuster* (25 A D 2d 478).

■ F. RICHARD BORNHURST, Respondent, v. MASSACHUSETTS BONDING & INSURANCE COMPANY, Appellant.— Judgment reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs. Memorandum: The defendant cannot be held liable unless at the time of the accident title to the Ford car involved was in Edmund A. Stearns & Sons Auto Sales. This fact was not established. One Daniels entered into negotiations with the Stearns agency for a trade of the used Ford for a used Cadillac. There were certain negotiations looking toward such trade and exchange of titles, but the exchange was never consummated. Daniels refused to accept the Cadillac and thus Daniels never received title to the Cadillac, nor did Stearns obtain title to the Ford. Title to the Ford was to pass only upon complete consummation of the trade, an event which never occurred. All concur, except Bastow, J., who concurs as to reversal but votes for a new trial. (Appeal from judgment of Onondaga Supreme Court in favor of plaintiff in an action on a garage liability policy.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.